**UNITED BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re ) | |
| ) | |
| STEVEN ROBINSON ) | Chapter 13 |
| ) | Case No: 24-40703-EDK |
| Debtor ) | |
| ) | |

### NOTICE OF PROPOSED ORDER CONFIRMING CHAPTER 13 PLAN

NOW COMES David A. Mawhinney, the Chapter 13 Trustee, and hereby files a proposed Order Confirming Chapter 13 Plan for the Plan filed on March 5, 2025.

Respectfully submitted,
Standing Chapter 13 Trustee

Dated: July 29, 2025

/s/ David A. Mawhinney
David A. Mawhinney, Trustee (BBO# 681737)
P.O. Box 964
Worcester, MA 01613
Tel: (508) 791-3300
Email: davidmawhinney@ch13worc.com

## CERTIFICATE OF SERVICE

The undersigned certifies that copies of the Notice of Proposed Order Confirming Chapter 13 Plan, proposed Order Confirming Chapter 13 Plan and Modification of Plan Prior to Confirmation, if any, were served upon the Debtor, counsel of for the Debtor, and all parties and attorneys who have filed notices of appearance by First Class mail, postage prepaid, or by the Court's CM/ECF system.

Respectfully submitted,
Standing Chapter 13 Trustee

Dated:  July 29, 2025  /s/ David A. Mawhinney
David A. Mawhinney, Trustee (BBO# 681737)
P.O. Box 964
Worcester, MA 01613
Tel: (508) 791-3300
Email: davidmawhinney@ch13worc.com

## **SERVICE LIST**

Steven Robinson
14A Bay Path Road
Charlton, MA 01507

Christopher M. Brine     cmb@brineconsumerlaw.com, office@brineconsumerlaw.com
Richard King     USTPRegion01.WO.ECF@USDOJ.GOV
Brian Waller     bwaller@sequellaw.com

**UNITED BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re ) | |
| ) | |
| STEVEN ROBINSON ) | Chapter 13 |
| ) | Case No: 24-40703-EDK |
| Debtor ) | |
| ) | |

**ORDER CONFIRMING CHAPTER 13 PLAN**

The above-captioned Debtor filed an Amended Chapter 13 Plan (the "Plan") on March 5, 2025. The Debtor filed a Certificate of Service on March 5, 2025 reflecting that the Plan was served on all creditors and parties in interest. No objections to the confirmation of the Plan were filed, or all objections were overruled by the Court or resolved by the parties. Upon consideration of the foregoing, the Court hereby orders the following:

1. The Plan is confirmed. The term of the Plan is [INSERT] months.

2. The Debtor shall commence plan payments on August 5, 2024 as follows:

   **$300.00** for 60 months.

3. Payments shall be made electronically through TFS/ePay, by Money Order, or Bank Treasurer's check (personal checks will not be accepted) and made payable to and forwarded to:

   **David A. Mawhinney, Chapter 13 Trustee**
   **P.O. Box 964**
   **Worcester, MA 01613**

4. The effective date of confirmation of the Plan is August 5, 2024. The disbursements to be made by the Chapter 13 Trustee pursuant to the confirmed plan are set forth on the attached summary which is incorporated by reference (the "Summary"). Interested parties should consult the Plan for treatment of their particular claims and other significant provisions of the Plan.

5. Unless the Court orders otherwise, all property of the estate as defined in 11 U.S.C. §§ 541 and 1306, including, but not limited to, any appreciation in the value of real property owned by the Debtor as of the commencement of the case, shall remain property of the estate during the term of the Plan and shall vest in the Debtor as set forth in section 9 of the Summary. All property of the estate shall remain within the exclusive jurisdiction of this Court. The Debtor shall not transfer, sell, or otherwise alienate property of the estate other than in accordance with the confirmed Plan or other order of the Court. The Debtor shall be responsible for preserving and protecting property of the estate.

      6.      The Debtor shall promptly inform the Trustee of any material increase in income and/or any acquisition of assets during the case. The Trustee may move to modify the Plan pursuant to 11 U.S.C. § 1329 if it is determined that any change in income or assets may be available to increase the dividend to creditors. The foregoing is in addition to any obligation of the Debtor to file amended schedules in the event of any such increase.

    By the Court,

DATE:_____      _____

    United States Bankruptcy Judge

## SUMMARY OF DISBURSEMENTS TO BE MADE UNDER THE PLAN

**1. Unmodified Secured Claims**

None.

**2. Modified Secured Claim**

None.

**3. Liens Avoided under 11 U.S.C. § 522(f)**

None.

**4. Surrender of Collateral**

None.

**5. Priority Claims**

None.

**6. Administrative Claims**

| Creditor | Claim | Term |
|---|---|---|
| Christopher M. Brine | $3,000.00 | 12 months |

**7. Unsecured Claims**

The Plan provides for a dividend of not less than 55.00% to holders of allowed unsecured claims.

**8. Executory Contracts**

None.

**9. Vesting of Property of the Estate**

If the Debtor receives a discharge, property of the estate will vest in the Debtor upon the entry of the discharge. If the Debtor does not receive a discharge, property of the estate will vest upon the earlier of (i) the filing of the Chapter 13 Standing Trustee's Final Report and Account and the closing of the case, or (ii) the dismissal of the case.

**10. Nonstandard Provisions**

None.

The Debtor shall, during the pendency of the case, provide the Trustee with copies of Federal Tax Returns.

See Modification of Plan filed herewith.